UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br>MARK RUBENSTEIN, and<br>DEBORAH DONOGHUE,<br><br>Plaintiffs,<br><br>– v. –<br><br>TFS FINANCIAL CORPORATION,<br><br>Defendant. | ECF CASE<br><br>No. 20-cv-2286<br><br>COMPLAINT |

Plaintiffs Donna Ann Gabriele Chechele, Mark Rubenstein, and Deborah Donoghue (collectively, "Plaintiffs"), by their undersigned attorneys, as and for their Complaint herein, respectfully allege as follows on knowledge as to themselves and their own acts and on information and belief as to all other matters:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act") 15 U.S.C. § 78p(b), as well as under Section 27 and other relevant sections of the Act.

2.      Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.  The common stock of Defendant TFS Financial Corporation ("TFS") is registered and traded on The NASDAQ Stock Market, LLC.  Some or all of the transactions giving rise to TFS's Section 16(b) recovery as described herein were executed through market makers located in this District, and some or all of the services

rendered by Plaintiffs' counsel for which payment is sought in connection with that recovery were rendered in whole or in part within this District.

## THE PARTIES

3.      At all relevant times, Defendant TFS was and is a federally chartered corporation with principal offices at 7007 Broadway Avenue, Cleveland, Ohio 44105.

4.      Each of the Plaintiffs is a stockholder of TFS.

5.      At all relevant times, the issued and outstanding shares of common stock of TFS were registered pursuant to Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and directors, officers, and 10% stockholders of TFS were subject to Section 16 of the Act.

## CLAIM FOR RELIEF

6.      On November 20, 2019, Martin J. Cohen ("Cohen"), a director of TFS, sold 1,018 shares of the Company's common stock at a price equal to $20.06 per share.

7.      On November 27, 2019, Cohen sold an additional 8,982 shares of the Company's common stock at a price equal to $20.15 per share.

8.      On May 13, 2020, less than six months after the sales described in paragraphs 6-7 above, Cohen purchased 10,000 shares of the Company's common stock at a price equal to $14.08 per share.

9.      As a result of the foregoing purchases and sales, Cohen realized short-swing profit of $60,608.38, more or less, which Cohen was required to disgorge to TFS under Section 16(b) of the Act.

10.      Each of the Plaintiffs, through their undersigned counsel, sent

similar demands to TFS, all of which requested that TFS recover the short-swing profits realized by Cohen from the purchases and sales described above, as provided under Section 16(b).  The Plaintiffs' demands were all sent by e-mail to TFS on May 15, 2020, within hours of the public disclosure of Cohen's short-swing stock purchase.

11.    As a direct and proximate result of Plaintiffs' demands, TFS recovered $60,608.38 in short-swing profit from Cohen.

12.    TFS notified the Plaintiffs of the disgorgement on May 20, 2020.

13.    Without denying Plaintiffs' contribution to its recovery, TFS has refused to respond to Plaintiffs' further inquiries about the matter.  TFS's representative has said only that Plaintiffs' counsel were "not the first person to contact us about this issue."

14.    Each of the Plaintiffs retained their respective undersigned counsel to investigate Cohen's reported short-swing trading in TFS's common stock, to promptly make demand on TFS regarding Cohen's Section 16(b) violation, and to prepare all pleadings, proofs, and papers as may be necessary and proper to commence an action to recover short-swing profits from Cohen on behalf of TFS in the event that TFS failed or refused to recover the profits from Cohen within 60 days, as provided by Section 16(b).

15.    The Plaintiffs agreed to pay a fair and reasonable fee to their respective counsel for legal services rendered, contingent upon TFS's reimbursing the Plaintiffs in the amount of the legal fees incurred.

16.    By taking action to investigate and recover any short-swing profits from Cohen in response to Plaintiffs' demands, TFS ratified and accepted the benefit of the services rendered by Plaintiffs' counsel.  Plaintiffs are now entitled to recover from

TFS a fair and reasonable fee for the services contingently undertaken and diligently performed by their respective counsel, in an amount proportional to any recovery generated for TFS's benefit.

17.     A fee in an amount equal to 25% of the funds recovered from Cohen fairly and reasonably values the services of Plaintiffs' counsel in light of the windfall recovery those services produced for TFS.

[*prayer for relief follows*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment:

(a)    Against TFS and for the benefit of each of the Plaintiffs' undersigned

counsel, for services and benefits conferred in the total amount of $15,152,

inclusive of out-of-pocket costs and disbursements, together with the costs

of this action; and

(b)    For such other, further, and/or different relief as the court may deem just

and proper.

Dated: May 21, 2020
New York, New York

Respectfully submitted,

/s/ James A. Hunter

James A. Hunter (JH-1910)
HUNTER & KMIEC
255 West 94th St. #10M, New York NY 10025
(646) 666-0122 | hunter@hunterkmiec.com
*Attorneys for Plaintiff Donna Ann Gabriele Chechele*

/s/ Miriam Tauber

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave, #2A, New York NY 10075
(323) 790-4881 | miriamtauberlaw@gmail.com
*Attorney for Plaintiff Mark Rubenstein*

/s/ David Lopez

David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
PO Box 323 | 171 Edge of Woods Rd.
Southampton, NY 11969
(631) 287-5520 | davidlopezesq@aol.com
*Attorney for Plaintiff Deborah Donoghue*